IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LAMADRAE J. CHAPMAN,

Defendant.                                                     No. 09-CR-30096-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On February 26, 2010, the Court sentenced Chapman to 151 months imprisonment (Doc. 35) and the Clerk of the Court entered Judgment reflecting the same on March 1, 2010 (Doc. 37). On February 4, 2015, Chapman filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 45). On March 30, 2015, the Federal Public Defender's office entered an appearance (Doc. 48). Thereafter, on January 5, 2016, Assistant Federal Public Defender Ethan Skaggs moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 49). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Chapman an opportunity to respond to the motion to withdraw (Doc. 50). As of this date, he has not done so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Here, Chapman is not entitled to a reduction in his sentence. In sentencing Chapman, the Court determined Chapman to be a career offender.

However, a recent decision from the Supreme Court of the United States and two recent decisions from the Seventh Circuit Court of Appeals *may* present grounds for seeking habeas corpus relief in accord with 28 U.S.C. § 2255. The Court briefly reviews these decisions below. In so doing, the Court does not take a position on the merits of any potential claim for habeas relief filed by the defendant. Likewise, the Court takes no position and makes no rulings or predictions with regard to any future decisions that may issue from the Seventh Circuit related to these matters.

As previously noted, the defendant was sentenced as a "career offender" under United States Sentencing Guidelines Section 4B1.1. The Guidelines' Section 4B1.1 career offender sentencing enhancement requires a defendant convicted of a crime of violence or controlled substance offense to have at least

two prior felony convictions for either a "crime of violence" or a controlled substance offense. Section 4B1.2 defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* The italicized clause is what is referred to as the "residual clause." U.S.S.G. § 4B1.2(a)(2).

The Guidelines' definition of a "crime of violence" and residual clause" mirror the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *Compare* U.S.S.G. § 4Ba.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii).

In *Johnson v. United States,* \_U.S.\_, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), the Supreme Court held that, relative to the ACCA, imposition of an enhanced sentence under the residual clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*, 135 S. Ct. at 2557. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States,* 795 F.3d 845 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under *Johnson* relative to an ACCA sentence).

On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on the assumption that the Supreme Court's reasoning [*in Johnson*] applies to section 4B1.2 as well") *Ramirez v. United States,* 799 F.3d 845(7th Cir. Aug. 25, 2015). The appellate court further noted the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson. Id*.

The Court notes *Johnson,* considered in conjunction with *Price* and *Ramirez,* presents *the possibility* that an individual sentenced as a career offender, based on the Guidelines' definition of a "crime of violence" and the Guidelines' "residual clause," may have grounds for challenging his federal conviction and sentence by means of a motion brought before the sentencing court pursuant to § 2255. The Court makes this observation without commenting on whether *Johnson* is equally applicable to the Guidelines career offender enhancement. Likewise, the Court makes no comment on whether this particular defendant's career offender enhancement was based on the Guidelines' definition of a "crime of violence" or "residual clause." The Court simply notes, to the extent *Johnson* is applicable in the instant case, a § 2255 petition appears to be the proper avenue for relief.

Finally, the defendant should note the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353,

357 (2005). Although *Johnson* pertains to the ACCA not the Guidelines, arguably the one-year period has begun to run.

Accordingly, the Court GRANTS the motion to withdraw (Doc. 49) and DENIES the motion to reduce (Doc. 45).

**IT IS SO ORDERED.**

Signed this 10th day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.11 12:06:54 -06'00'

**United States District Judge**